UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JESSICA MARIA MEDINA,

                Plaintiff,

                -against-

FELISHA AUDAIN, Child Protective Specialist;
SAMANTHA GRABKOWITZ, Child Protective
Specialist; GLADYS CARRION, Esq., Commissioner;
HON. ARNOLD LIM,

                Defendants.
----------------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**

16-CV-7110 (PKC)(LB)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Jessica Maria Medina filed the above-captioned complaint dated December 10, 2016 in the United States District Court for the Southern District of New York. At that time, according to the complaint, Plaintiff was a prisoner in a detention facility in Bedford Hills, New York. (Dkt. 1 ("Compl.") at 11.) Plaintiff's submission included neither the filing fee nor a request to proceed *in forma pauperis* ("IFP"), accompanied by the Prisoner Authorization form, required by the Prison Litigation Reform Act of 1995.

On December 19, 2016, Plaintiff's complaint was transferred to this Court in the interests of justice, pursuant to 18 U.S.C. § 1404(a). (Dkt. 2 at 3.) Thereafter, on December 27, 2016, the Court entered an order notifying the parties of their rights under Fed. R. Civ. P. 73 to consent to proceeding before a magistrate judge. (Dkt. 4.) The same day, the Court mailed a copy of this Rule 73 notice to Plaintiff at the address listed in Plaintiff's complaint, which was a detention facility in Bedford Hills, New York. (*See* Dkt.)

On January 6, 2017, the Court's letter to Plaintiff giving notice of her rights under Rule 73 was returned, unopened, with the postal notation "Return to Sender" and additional hand-written notations indicating: "Discharged" and "DISC Max E." A search of the inmate lookup database at the website of the New York State Department of Corrections and Community Supervision

reveals that Plaintiff was discharged on December 20, 2016. *See* http://nysdoccslookup.doccs.ny.gov/ GCA00P00/WIQ3/WINQ130 (Last visited 2/28/17). Plaintiff has not provided a forwarding address.

Because Plaintiff has not contacted the Court, and the Court has no way of contacting Plaintiff, the action is dismissed without prejudice. *See Dong v. United States*, No. 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (dismissing for failure to prosecute where plaintiff failed to notify the Court of his address and the Court was unable to contact plaintiff). The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's last known address.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
       February 28, 2017